

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 9, 1959

Honorable Dorsey B. Hardeman, Chairman
State Affairs Committee
Senate of Texas
Austin, Texas

Opinion No. WW-568

Re: Constitutionality of
H. B. No. 179, 56th
Leg., requiring the
Commissioners Court
of Tarrant County to
submit the Optional
County Road Law to
the vote of the quali-
fied voters of the
County.

Dear Senator Hardeman:

Your request for an opinion as to the constitution-
ality of House Bill No. 179 of the 56th Legislature is sub-
stantially as follows:

Is House Bill No. 179, 56th Legisla-
ture, requiring the Commissioners Court of
Tarrant County to submit the Optional Coun-
ty Road Law to the vote of the qualified
voters of the county, constitutionally val-
id?

Section 2 of Senate Bill No. 226, Acts of the 50th
Legislature, Regular Session, 1947 (codified as Article
6716-1, Vernon's Civil Statutes), known as the Optional
County Road Law of 1947, reads in part as follows:

"By a majority vote of its qualified
voters, any county in this state, at an
election held for that purpose, may adopt
the provisions of this Act for the con-
struction and maintenance of county roads
and bridges and for the expenditure of the
County Road and Bridge Fund. Such question

> shall be submitted to the qualified voters
> of such county at a general or special elec-
> tion by the Commissioners Court of such coun-
> ty, upon petition of a number of qualified
> voters of such county equal to ten (10) per
> cent of the number voting for Governor at the
> last preceding general election in such coun-
> ty, not less than thirty (30) days nor more
> than sixty (60) days after the petition is
> filed with the Commissioners Court. . . ."

The Optional County Road Law of 1947, as seen from these portions, is a general law which is available to any county conforming to its adoptive procedure. It relates both to county road construction and to maintenance, and not merely to the latter.

Article III, Section 56, of the Constitution of the State of Texas provides, among other things, as follows:

> "The Legislature shall not, except as
> otherwise provided in this Constitution,
> pass any local or special law authorizing:
>
> " . . .
>
> "Regulating the affairs of counties,
> cities, towns, wards or school districts;
>
> " . . .
>
> "Authorizing the laying out, opening,
> altering or maintaining of roads, highways,
> streets or alleys;
>
> " . . .
>
> "Creating offices, or prescribing the
> powers and duties of officers, in counties,
> cities, towns, election or school districts;
>
> " . . .
>
> "And in all other cases where a general
> law can be made applicable, no local or spe-
> cial law shall be enacted; . . ."

House Bill No. 179, the subject of this opinion, is clearly intended as a local and special law pertaining only to Tarrant County, as stated in its caption, which reads as follows:

"AN ACT requiring the Commissioners Court of Tarrant County to submit the Optional County Road Law to the vote of the people; and declaring an emergency."

As a local and special law, House Bill No. 179 by requiring actions by the Commissioners Court of Tarrant County attempts to regulate the affairs of that county, although such legislative action is prohibited by the above Constitutional provisions.

House Bill No.179 purports to avoid this constitutional prohibition by reciting in Section 4, in part, as follows:

"The fact that Section 9, Article VIII, of the Constitution, gives the Legislature the power to enact local laws regarding the maintenance of public roads and highways and the need for local roads and highways in Tarrant County create an emergency and an imperative public necessity . . ."

However, such mere recitation cannot establish the nature of an enactment and thereby make the Act valid under Section 9 of Article VIII of the Constitution. Even if House Bill No. 179 were to be a local road law, it would have to be limited to the maintenance of public roads and highways to be valid under Section 9 of Article VIII. House Bill No. 179 is not a local road law for such maintenance, and, by its very language, is only an attempt to force the Commissioners Court to submit at an election the proposition of whether or not to adopt the Optional County Road Law of 1947, which itself is not limited to such maintenance. Thus, House Bill No. 179 is not authorized by Section 9 of Article VIII and is merely an attempt to regulate the affairs of a county and therefore unconstitutional.

Attention is called further to Opinion No. V-899 of the Attorney General, dated September 10, 1949, and addressed to the County Auditor of Tarrant County. That Opinion stated as follows:

"The filing of a petition of a number of qualified voters of a county equal to ten per cent of the number voting for Governor in the preceding general election is a condition precedent to the exercise of power to call an election pursuant to the Optional County Road Law of 1947. Art. 6716-1, V.C.S."

Therefore, under the provisions of the Optional County Road Law itself, the act of the Commissioners Court sought by House Bill No. 179 would not be sufficient to secure a valid adoption of the Optional County Road Law by the voters of Tarrant County.

### SUMMARY

House Bill No. 179, 56th Legislature, Regular Session, 1959, requiring the Commissioners Court of Tarrant County to submit the Optional County Road Law to the vote of the qualified voters of the County, is unconstitutional, being in violation of Section 56, Article III of the Constitution of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Charles D. Cabaniss*

Charles D. Cabaniss
Assistant

CDC:rm

Honorable Dorsey B. Hardeman, page 5, (WW-568)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. Arthur Sandlin
Jack Goodman
Riley Eugene Fletcher
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert